**Salvador Navarro CALUMNO, Jr., Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75058.

United States Court of Appeals, Ninth Circuit.

---

Submitted Feb. 13, 2006.*

Decided Feb. 22, 2006.

Daniel P. Hanlon, Esq., Hanlon & Greene, Pasadena, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Daniel E. Goldman, Esq., Larry P. Cote, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit. Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM **

Salvador Navarro Calumno, Jr., a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's order ("IJ") denying his motion to reopen deportation proceedings conducted in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000), and we deny the petition for review.

The IJ did not abuse her discretion in denying petitioner's motion to reopen where the record contains an Order to Show Cause ("OSC") with notice of hearing, signed by petitioner, and petitioner concedes he was asked to sign the document to acknowledge he would appear before the immigration court. The IJ was entitled to conclude that petitioner's declaration, prepared more than eight years later, stating that he did not understand the document he signed was an OSC and hearing notice, and that he was not given a copy of the document, did not warrant reopening. *See* 8 U.S.C. § 1252b(a)(2) (repealed 1996).

Petitioner's due process challenge is unavailing because even if the OSC was incorrect in stating that he was served in Anaheim rather than in Los Angeles, petitioner failed to show how this clerical error

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

caused him prejudice. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (holding that an alien must show error and substantial prejudice to prevail on a due process claim).

## PETITION FOR REVIEW DENIED

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.